IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT SWAPSY,** )<br>)<br>       **Plaintiff,**            )<br>)<br>vs.                                               )<br>)<br>**GARY L. KNOBLETT, et al.,**  )<br>)<br>       **Defendants.**        ) | **CIVIL NO. 09-cv-577-JPG** |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Robert Swapsy, formerly an inmate in the Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; portions of this action are subject to summary dismissal.

## CLAIM 1

Swapsy states that in June 2008, Defendant Knoblett issued a ticket against him for unauthorized movement. Swapsy was found guilty, but through the grievance/appeal process the ticket was later expunged. After Swapsy successfully challenged the ticket, Knoblett began to verbally harass him and threaten him. Swapsy claims that this harassment was done in retaliation for the grievance he filed against Knoblett.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). With a retaliation claim, the Court must consider whether the plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).

Swapsy's complaint does not specifically allege that Knoblett's allegedly retaliatory activities would "deter a person of ordinary firmness" from exercising First Amendment activity in the future. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). However, construing his *pro se* complaint liberally, and accepting all of his allegations as true, one possible inference of the complaint is that the alleged harassment by Knoblett would deter a person of ordinary firmness from exercising his First Amendment rights. Whether his allegations are in fact true or whether the alleged harassment would actually deter a person of ordinary firmness are not questions that the Court can address at the pleading stage. Further, Swapsy implies that Knoblett would not have harassed him but for his success in overturning the disciplinary ticket written by Knoblett.

Thus, the court is unable to dismiss this claim against Knoblett at this point in the litigation.

## CLAIM 2

In his second claim, Swapsy alleges that the Assistant Warden, Defendant Tylka, failed to take action to stop Knoblett's retaliatory actions against him.  Such a claim of a person's failure to act sounds in negligence, but a defendant cannot be held liable under § 1983 for negligence.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).  Thus, Swapsy has failed to state a claim against Tylka, and Claim 2 will be dismissed from this action with prejudice.

## CLAIM 3

In his final claim, Swapsy alleges that Officer Knott issued him a ticket for insolence when Knott overheard Swapsy talking about Knoblett.  Swapsy pleaded not guilty.  Before a final decision was reached, the ticket was adjusted from a minor infraction to a major one.  Swapsy again pleaded not guilty, but the Adjustment Committee found otherwise.  Once again, Swapsy alleges that these events occurred out of retaliation for his grievance against Knoblett.

The problem with this claim is that Swapsy makes no allegation that Knoblett played any role in this disciplinary action, nor does he make any allegations against Tylka with respect to this incident.  The only people mentioned in connection with this claim are Officer Knott, Ritchie D. Wesley, and Roy L. Coldwell, but none of them are named as a defendant in this action. Accordingly, Swapsy has failed to state a claim upon which relief may be granted, and Claim 3 sill be dismissed from this action with prejudice.

## APPOINTMENT OF COUNSEL

Swapsy also requests that the Court appoint him counsel (Doc. 3).  There is no absolute right to appointment of counsel in a civil case.  *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971).  When presented with a request to appoint counsel, the Court

must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, there is no indication at all whether Swapsy has attempted to obtain counsel or been effectively precluded from doing so. Therefore, the motion for the appointment of counsel is **DENIED**, without prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that **CLAIM 2** and **CLAIM 3** are **DISMISSED** from this action with prejudice. Further, Defendant **TYLKA** is **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **KNOBLETT**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **KNOBLETT** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can

be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: March 10, 2010.**

    **s/ J. Phil Gilbert**
    **U. S. District Judge**