IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT SWAPSY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. **09-577-JPG-CJP** |
| **GARY L. KNOBLETT, et al.,** ) | |
| ) | |
| Defendant. ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

Before the court is Defendant's Motion for Summary Judgment Regarding Qualified Immunity. **(Doc. 12)**. The motion is supported by a memorandum of law at **Doc. 13.** In addition, the motion relies on various documents which were attached to the complaint.

Defendant served upon the pro se plaintiff the notice required by *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). **(Doc. 14)**. Plaintiff has not filed a response, and the time for doing so has expired. Pursuant to Fed.R.Civ.P. 56(e), the facts established by the motion and exhibits thereto are considered to be undisputed. Further, pursuant to Rule 7.1(c) of this District's Local Rules, the Court deems the failure to respond to be an admission of the merits of the motion.[1]

### Nature of Plaintiff's Claims

At the time he filed suit, plaintiff Robert Swapsy was an inmate in the custody of the IDOC. He sued under 42 U.S.C. §1983 for violation of his constitutional right while he was

---

[1] The most recent mail sent to plaintiff was returned as undeliverable. See, Doc. 20. The Court had previously informed plaintiff of his obligation to keep the Court advised of his address. See, Doc. 6.

1

confined to Robinson Correctional Center. Plaintiff alleges that defendant Gary Knoblett issued him a disciplinary ticket for unauthorized movement in June, 2008,. Swapsy filed a grievance, and the ticket was expunged. Thereafter, Knoblett allegedly verbally harassed and threatened Swapsy. As construed on preliminary review, Swapsy stated a claim against Knoblett for retaliating against plaintiff for exercising his First Amendment right to file grievances. See, Doc. 6.

## Grounds for Summary Judgment

Defendant argues that he is entitled to qualified immunity because the facts alleged by plaintiff do not constitute actionable retaliation.

## Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. ***Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," ***Anderson*, 477 U.S. at 247**, or by "some

metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Pursuant to Rule 56(d)(2), where the non-moving party fails to adequately respond to a properly supported motion for summary judgment, "summary judgment should, if appropriate, be entered against that party."

Plaintiff is a pro se inmate, and his pleadings must be liberally construed. *Duncan v. Duckworth*, **644 F.2d 653, 655 (7th Cir. 1981).**

### Qualified Immunity

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, **102 S.Ct. 2727, 2738 (1982)**.

*Saucier v. Katz*, **121 S. Ct. 2151 (2001)** required that a court follow a two-step process in analyzing a claim of qualified immunity. First, the court must determine whether the facts as alleged by plaintiff show a violation of a constitutional right. If so, the court must then determine whether the right was "clearly established" at the time of the defendant's actions. *Saucier*, **121 St. Ct. at 2156.** However, the court is no longer bound to proceed in that manner. In *Pearson v. Callahan*, **129 S.Ct. 808, 818 (2009)**, the Supreme Court held that the *Saucier* sequence is no longer mandatory. Rather, a court may use its discretion in determining which of the two prongs of the test should be analyzed first.

### Analysis

A prison official violates the Constitution when he takes action against an inmate to

3

retaliate against the inmate for the exercise of a constitutionally protected right.  This is true even if the official's action would not, by itself,  violate the Constitution.  **DeWalt v. Carter**, **224 F.3d 607, 618 (7th Cir. 2000)**.

"To prevail on a First Amendment retaliation claim, [plaintiff] must ultimately show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the [defendants's] decision to take the retaliatory action." **Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009) (internal citations omitted).**

The First Amendment protects a prison inmate's right to file grievances regarding prison conditions.  **Pearson v. Welborn, 471 F.3d 732, 741 (7th Cir. 2006)**.  Defendant does not dispute that plaintiff engaged in a protected activity.  Defendant's argument focuses on the second element of plaintiff's claim.  Defendant argues that plaintiff alleges only verbal harassment and threats, which do not rise to the level of actionable retaliation, and which would not be likely to deter First Amendment activity in the future.

An examination of the complaint, Doc. 1, reveals that plaintiff alleges only verbal harassment and threats.  For instance, he alleges that Knoblett made statement such as "Don't mess with me" and "I will be watching you and I will find something to give you another ticket for."  Knoblett also told plaintiff that "one call" from Knoblett could get plaintiff sent to segregation.  These statement were allegedly made in June, 2008.  Plaintiff filed suit in July, 2009.  He does not allege that Knoblett in fact wrote him another ticket or had him sent to segregation.  (Plaintiff was later written a ticket for insolence by a different officer and placed in segregation, but the Court found on preliminary review that plaintiff did not state any claim with respect to that later ticket and that plaintiff did not allege that Knoblett had any involvement with those later events.)

4

Defendant argues that his alleged statements would not "deter a person of ordinary firmness" from exercising First Amendment activity in the future, citing **Bart v. Telford**, **677 F.2d 622, 625 (7th Cir. 1982).** This Court agrees. In **Bart**, the Seventh Circuit stated that "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise ...." **Bart, id.** Defendant points out that plaintiff was not, in fact, deterred from exercising his First Amendment rights. The exhibits attached to the complaint establish that he continued to file grievances after defendant allegedly harassed and threatened him.

This case is similar to **Antoine v. Uchtman**, **275 Fed. Appx. 539, 2008 WL 1875948 (7th Cir. 2008)**, in which the plaintiff alleged that prison guards retaliated against him for filing grievances by making racist and threatening remarks. The Seventh Circuit affirmed the dismissal of the case pursuant to 28 U.S.C. §1915A. With regard to the retaliation claim, the Seventh Circuit stated:

> Antoine does not contend that the guards took any concrete action that dissuaded him from continuing to file grievances; indeed, his complaint and brief reveal that every time a guard made a statement that he deemed racist or threatening, he filed a fresh grievance against that guard. He has not been silenced, and the Constitution does not compel guards to address prisoners in a civil tone using polite language.

**Antoine**, **2008 WL 1875948 at *2.**

Likewise, Swapsy does not allege that defendant took any concrete action against him. He claims only that defendant made harassing and threatening statements which did not, in fact, dissuade him from filing grievances. Like the plaintiff in **Antoine**, Swapsy was not silenced. The facts alleged by Swapsy and documented by the exhibits attached to his complaint establish that defendant's alleged statements do not rise to the level of actionable retaliation. Therefore, defendant is entitled to qualified immunity.

5

### Recommendation

This Court recommends that Defendant's Motion for Summary Judgment Regarding Qualified Immunity **(Doc. 12)** be **GRANTED**. Judgment should be entered in favor of the sole defendant, Gary L. Knoblett.

If this Recommendation is adopted in its entirety, no claims will remain pending.

Objections to this Report and Recommendation must be filed on or before **November 1, 2010.**

**Submitted: October 13, 2010.**

 s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**